# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-769 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GURU GLOBAL LOGISTICS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons that follow, the parties will be afforded an opportunity to show cause why this case should not be stayed pending resolution of the McConnells' intended acquisition of Guru's bad faith claim.

During the Initial Scheduling Conference, the McConnells' counsel spoke at length regarding the potential impact of his clients' obtaining from Guru an assignment of a putative bad faith claim. Counsel suggested that these matters would be resolved in the foreseeable future, in connection with collateral state court proceedings. The Court suggested that, given the McConnells' heightened interest in the putative assignment, and the uncertainty surrounding it, the parties should consider staying the instant litigation until the issue finally was determined. The McConnells respectfully declined to indulge this discussion, and a Case Management Order was entered.

The parties since have submitted significant briefing regarding Lancer's Motion for Default Judgment (Doc. 36) against Guru. The centerpiece, substantively, of the McConnells' opposition is their concern that the entry of default judgment will prejudice their rights regarding

the putative assignment.  *See* McConnells' Opp'n Br. (Doc. 44) at 4-5, 8-10.  While Lancer argues that this issue is moot because the assignment, if granted, would present no viable claim, such a determination would equate to a merits-ruling on the issue of bad faith, which, in the Court's view, should not be resolved within the context of a motion for default judgment against another party.

The bottom line is this:  Addressing the issues of putative assignment and bad faith, while the question of whether an actual assignment will occur, runs counter to the interests of finality and judicial economy.  The Court does not believe that these issues should be resolved in a vacuum, and, unless the McConnells withdraw their arguments regarding the putative assignment, or Lancer is able to show substantial prejudice, the Court is inclined to stay this case pending resolution of the assignment issue.  *See generally* Rice v. Astrue, 2010 WL 3607474, *2 (D. S.C. Sept. 9, 2010) ("a federal court has the inherent power to stay, *sua sponte*, an action before it," "pending resolution of [issues related to] independent proceedings [that] bear upon the case") (citations and internal quotations omitted).

Stays routinely have been granted by this Court under similar circumstances, and the stay-order would make clear that no prejudice to the parties' substantive rights would result.  *Cf., e.g.*, order filed at Doc. 33 in Civil Action No. 13-1605 (staying case pending resolution of issues in state court, making clear that stay "[did] not prejudice the rights of the parties in any manner," and ordering that, "[a]s and when appropriate, any party may restore [the] action to the Court's active calendar upon application or by motion").  A similar order can, and in the Court's opinion should, be entered in this case, assuming the issue of assignment has not already been resolved, or will be waived.  Should such an order issue, all pending deadlines and motions in this case would be suspended, subject to efficient reinstatement once the stay has lifted.

Consistent with the foregoing, it is hereby ORDERED that any party wishing to be heard may file a response to this Order by **September 5, 2014**.


August 28, 2014                              s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record